UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-03604-MCS USBC Central District of California at Los Angeles, 2:25-bk-21047-VZ | Date | May 7, 2026 |
| --- | --- | --- | --- |
| Title | *In re Crystal Roney* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| --- | --- |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DISMISSING APPEAL (JS-6)**

Debtor-Appellant Crystal Roney, a self-represented litigant, appeals an order of the United States Bankruptcy Court for the Central District of California denying her motion to enforce the automatic stay under 11 U.S.C. § 362(a). (Notice of Appeal, ECF No. 1.) The Court ordered Appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. (OSC, ECF No. 12.) Appellant filed a response, (Resp., ECF No. 14), and a supplemental response, (Suppl. Resp., ECF No. 18).

Having considered Appellant's responses, the Court concludes it lacks jurisdiction over this appeal. District courts have jurisdiction over bankruptcy appeals from final judgments, orders, and decrees; from interlocutory orders issued under 11 U.S.C. § 1121(d); and from other interlocutory orders and decrees if given leave of the court. 28 U.S.C. § 158(a). Appellant appeals an order denying her motion to enforce the automatic stay provisions of 11 U.S.C. § 362(a). Such an order is not one issued under § 1121(d), and from the Court's review of the Bankruptcy

Court's docket,[1] Appellant did not seek leave to appeal the order. Therefore, the Court only has jurisdiction over this appeal if the bankruptcy judge issued a "final" order. 28 U.S.C. § 158(a). A bankruptcy judge's order is "final" if it (1) "resolves and seriously affects substantive rights," and (2) "finally determines the discrete issue to which it is addressed." *In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) (internal quotation marks omitted). "Orders that determine and affect substantive rights and have the potential to cause irreparable harm to the losing party are immediately appealable so long as they finally determine the discrete issue to which they are addressed." *In re Martech USA, Inc.*, 188 B.R. 847, 849 (B.A.P. 9th Cir. 1995), *aff'd*, 90 F.3d 408 (9th Cir. 1996).

The Bankruptcy Court's order did not affect Appellant's substantive rights. The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over the estate." 11 U.S.C. § 362(a). Appellant sought to "enforce" this stay provision in light of a receivership action filed in Maryland state court relating to a parcel of real property she owns in Baltimore. Mot. 12–13, *In re Crystal Roney*, No. 2:25-bk-21047-VZ (C.D. Cal. Feb. 13, 2026), ECF No. 38. In denying the motion, the bankruptcy judge did not rule on whether § 362(a)'s automatic stay applies or otherwise find that the conduct in the receivership proceeding was unlawful. *See* Order 1, *In re Crystal Roney*, No. 2:25-k-21047-VZ (C.D. Cal. Mar. 31, 2026), ECF No. 63. The lack of an express finding on these issues differentiates this situation from cases in which a bankruptcy court affirmatively found that a creditor had violated the automatic stay, which the Ninth Circuit has held is immediately appealable. *See In re Perl*, 811 F.3d 1120, 1126–27 (9th Cir. 2016) (finding a bankruptcy court's determination that a creditor had violated the automatic stay was immediately appealable because it was a "substantive ruling with real effects"). Appellant confirms as much in her OSC response. (OSC Resp. 4 (noting the Bankruptcy Court's order "did not adjudicate the underlying merits of the bankruptcy case, modify the automatic stay, or resolve any creditor claim").)

The Bankruptcy Court's order also did not "finally determine" the issue of whether the receivership proceeding violates the automatic stay. After the Bankruptcy Court denied Appellant's motion and Appellant filed the instant appeal, Appellant instituted an adversary proceeding in the Bankruptcy Court against the

---

[1] The Court takes judicial notice of the Bankruptcy Court's docket. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

City of Baltimore and related officials and administrative departments challenging the receivership proceeding. *See* Compl., *Roney v. Mayor & City Council of Baltimore*, No. 2:26-ap-01076-VZ (C.D. Cal. Apr. 2, 2026), ECF No. 1. In her supplemental response, Appellant contends the adversary proceeding will resolve whether "the City of Baltimore, the receiver, and related parties willfully violate[d] the automatic stay," and whether "they are liable for damages, sanctions, and injunctive relief." (Suppl. Resp. 5, ECF No. 18.) She posits the instant appeal resolves the distinct question of whether the Bankruptcy Court erroneously denied her motion to enforce the stay. (*Id.*) But Appellant leaves unexplained how the remedy sought below—an order enforcing the automatic stay—is any different than the injunctive relief she now seeks in the adversary proceeding. And while the Court recognizes that Appellant is concerned the adversary proceeding will not be fully resolved before a receiver sale of her property that is allegedly scheduled for June 6, 2026, (*id.* at 6), the proper procedural mechanism to deal with that concern is a motion for a preliminary injunction in the adversary proceeding, Fed. R. Bankr. P. 7065; Fed. R. Civ. P. 65(a).

Because the Bankruptcy Court's order did not affect Appellant's substantive rights and did not finally determine whether the receivership proceeding violates the automatic stay, the order is not "final" under 28 U.S.C. § 158(a)(1). *In re Gugliuzza*, 852 F.3d at 894. Appellant resists this conclusion and contends the Court has jurisdiction under *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020). Under *Ritzen*, an order "conclusively denying" a "motion for relief from" § 362(a)'s automatic stay is a final order that is immediately appealable. 589 U.S. at 47. In arguing *Ritzen* confirms the Court's jurisdiction to hear this appeal, Appellant overlooks that she filed a motion trying to *enforce* the automatic stay rather than seeking *relief* from it. (*See* OSC Resp. 3.) The distinction is important. Under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, the adjudication of a motion seeking relief from the automatic stay "occurs before and apart from the proceedings on the merits of creditors' claims." *Ritzen Grp., Inc.*, 589 U.S. at 43. Appellant here has identified no similar statutory rules or procedural mechanisms governing her motion to enforce the automatic stay that confirm it is a separate, discrete event. Moreover, unlike a motion for relief from the automatic stay, which "can have large practical consequences," *id.* at 44, it is unclear what consequences, if any, flow from the Bankruptcy Court's order denying Appellant's motion to enforce the stay. As Appellant notes, "[t]he automatic stay exists by operation of law and has never been lifted by any court." (OSC Resp. 4.) The stay was in place both before she filed her motion and after the Bankruptcy Court denied it. The denial

order thus had no practical impact on Plaintiff's legal rights. For these reasons, the Court is not persuaded that *Ritzen* governs the instant appeal.

Appellant alternatively asks the Court to exercise its discretion to entertain this appeal under 28 U.S.C. § 158(a)(3). (OSC Resp. 5–6.) Courts generally borrow the standards under 28 U.S.C. § 1292(b) in assessing whether to exercise their discretion under § 158(a)(3) to hear an interlocutory bankruptcy appeal. *In re Pac. Gas & Elec. Co.*, 280 B.R. 506, 515 (N.D. Cal. 2002). Under § 1292(b), "an order not otherwise appealable" may be certified for appeal in writing if the court is "of the opinion that such order [(1)] involves a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that the immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "[T]he party pursuing the interlocutory appeal bears the burden of so demonstrating." *Id.* (citation omitted). Appellant has not carried her burden to establish all three requirements are met. (*See, e.g.*, OSC Resp. 5 (asserting "[t]here is substantial ground for difference of opinion" on Appellant's proffered question for appeal, but developing no supporting argument).) The Court therefore declines to exercise its discretion to consider this appeal under § 158(a)(3).

Based on the foregoing, the Court dismisses the appeal for lack of jurisdiction and remands the action for further proceedings in the Bankruptcy Court. Appellant's renewed emergency motion for a temporary restraining order (ECF No. 17) is denied as moot.

**IT IS SO ORDERED.**

**cc:  Bankruptcy Court**